IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

REGINALD IRISH,
    Petitioner,

vs.                                              Case No. 5:11cv141/RH/EMT

WARDEN PAIGE AUGUSTINE,
    Respondent.
_____/

**O R D E R**

        This matter is before the court on Petitioner's Motion Requesting Appointment of Counsel (Doc. 31). The appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). This rule extends to post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990).

        Although there is no constitutional authority for the appointment of counsel in civil cases, there is statutory authority for appointing counsel in habeas corpus actions brought under 28 U.S.C. §§ 2241, 2254, and 2255; it may be found in the Criminal Justice Act (CJA), 18 U.S.C. § 3006A(2)(B). Section 3006(a)(2)(B) of the CJA provides in relevant part: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006(a)(2)(B). Federal courts generally have endorsed the appointment of counsel to represent legally unsophisticated prisoners who are financially unable to obtain counsel in: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which "the indigent is in no position to investigate crucial facts" and (6) factually complex cases. James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b (5th ed. 2005). The Eleventh Circuit instructs that counsel must be appointed

for an indigent federal habeas petitioner under 18 U.S.C. § 3006A(g) "only when the interests of justice or due process so require." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983). Additionally, the procedural rules governing § 2254 cases require the appointment of counsel in two circumstances: (1) where the court has authorized discovery upon a showing of good cause, and appointment of counsel is necessary for effective discovery, and (2) where the court has determined that an evidentiary hearing is warranted. Rules Governing Section 2254 Cases 6(a), 8(c) (Habeas Rules). Taken together with the Habeas Rules, the decisions under section 3006A(a)(2)(B) embody a presumption favoring appointment of counsel for legally unsophisticated prisoners as long as the petition (1) is not frivolous, that is, as long as it survives summary dismissal pursuant to Habeas Rule 4 because it presents a "triable" issue or includes a "colorable claim" and (2) requires further significant or sophisticated factual or legal development. Liebman, *supra*. A district court does not abuse its discretion by declining to appoint counsel where the issues in the case are "straightforward and capable of resolution on the record" or the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." *See* Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991).

At this time, the issues in the case appear to be straightforward and capable of resolution on the record. Furthermore, Petitioner has thus far presented his arguments in a forceful, coherent manner. Additionally, the court has neither authorized discovery nor determined that an evidentiary hearing is warranted. Therefore, Petitioner is not entitled to appointment of counsel. Appointment of counsel will be considered at a later time if the need for counsel becomes evident or if the court determines that discovery or an evidentiary hearing is warranted.

Accordingly, it is **ORDERED**:

Petitioner's Motion Requesting Appointment of Counsel (Doc. 31) is **DENIED** without prejudice.

**DONE AND ORDERED** this 9th day of August 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 5:11cv141/RH/EMT